UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS JUSTIN CUELLAR,<br><br>    Plaintiff,<br><br>    v.<br><br>FRESNO COUNTY SHERIFF, et al.,<br><br>    Defendants. | Case No.: 1:20-cv-00707-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT BE DENIED AS MOOT<br><br>(ECF No. |

Plaintiff Travis Justin Cuellar is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for entry of default, filed December 10, 2020.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding on Plaintiff's excessive force claim against Defendants Bruton, Cisneros, and an unidentified John Doe.

On July 21, 2020, the Court directed the United States Marshal to serve Bruton and Cisneros. (ECF No. 10.)

On November 5, 2020, the Court received two USM–285 forms from the Marshal indicating that personal service was effected upon Defendants Bruton and Cisneros which gave the two

1

Defendants twenty-one days, i.e. November 25, 2020, in which to file a response to the complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). (ECF No. 12.)  However, neither Defendant Bruton nor Cisneros filed a timely response to the complaint.  Therefore, on December 2, 2020, the Court issued an order as to why default should not be entered.  (ECF No. 13.)

As previously stated, on December 10, 2020, Plaintiff filed the instant motion for entry of default.  (ECF No. 14.)

On December 11, 2020, the undersigned issued Findings and Recommendations recommending that Plaintiff's motion for entry of default be granted because Defendants failed to file a timely response after being personally served.  (ECF No. 16.)

On December 30, 2020, Defendants filed objections to the Findings and Recommendations. (ECF No. 17.)

Based on Defendants' objections and in the interest of justice, the Court vacated the Findings and Recommendations on January 5, 2021, and directed Plaintiff to file a response to the objections within twenty days.  (ECF No. 18.)

On January 22, 2021, the Court granted Plaintiff thirty additional days to file a response to Defendants' objections.  (ECF No. 20.)  However, Plaintiff has failed to file a response to Defendants' objections or otherwise communicated with the Court and the time to do has passed.

## II.

## DISCUSSION

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise.  See Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[a] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed. R. Civ. P. 4(d). If a defendant fails to plead or otherwise defend an action after being properly served with a

summons and complaint, a default judgment may be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a).

Once default has been entered against a defendant, the court may, "[f]or good cause shown . . . set aside an entry of default. . . ." Fed. R. Civ. P. 55(c). The court's discretion is especially broad where . . . it is entry of default that is being set aside." O'Connor v. State of Nevada, 27 F.3d 357, 364 (9th Cir. 1994) (quoting Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1986)); see also Brady v. United States, 211 F.3d 499, 504 (9th Cir. 2000). Default is generally disfavored. In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991); Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1189 (9th Cir. 2009).

To date, the Court has not entered default Defendant Bruton or Cisneros in this case. Therefore, there is no basis to set aside entry of default.  Defendants submit and explain that an "unfortunate chain of inadvertence and mistake, quite simply resulted in the running of the time to response (triggered by the return of summons, ECF 12) going unnoticed by Jail administration, as well as County Risk Management and County Counsel." (ECF No. 17 at 5.)  Defendants "assure the Court (and believes this Court is aware) that the County is not in the habit of ignoring service and response deadlines or defaulting in litigation matters, intentionally or otherwise." (Id.)

Because Defendants have appeared in this action, attested that they intent to defend this action, and have filed a motion for an extension of time to respond, the Court is precluded from entering default under Federal Rule of Civil Procedure 55.  Accordingly, Plaintiff's motion for entry of default should be denied.

## III.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion for entry of default filed on December 10, 2020, be denied; and
2. Defendants' request for a forty-five extension of time to file a response be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections

with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 3, 2021**

UNITED STATES MAGISTRATE JUDGE